**Victor Manuel Cabrera ROSAS; Maria Esther Cabrera, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73014.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 16, 2014.

John Martin Pope, Pope & Associates, PC Phoenix, AZ, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

OIL, Laura Halliday Hickein U.S. Department of Justice Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM **

Victor Manuel Cabrera Rosas and Maria Esther Cabrera, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their qualifying relatives. *See id.*

Petitioners' contention that the agency violated due process by disregarding the evaluations regarding their children's language abilities is not supported by the record and does not amount to a colorable constitutional claim that would invoke our jurisdiction. *See id.* (traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims).

Petitioners' contention that the BIA violated due process by reviewing de novo the IJ's 2004 decision is unavailing. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (granting BIA authority to review de novo questions of law, discretion, and judgment).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).